

1  Amitai Schwartz (CSB #55187)
   Lisa Sitkin (CSB #194127)
2  Law Offices of Amitai Schwartz
   Watergate Towers
3  2000 Powell Street, Suite 1286
   Emeryville, CA 94608
4  (510) 597-1775
   (510) 597-0957 (fax)
5
   Attorneys for Plaintiffs
6  Thomas Hassan Kubbany
   and Nancy Kubbany
7

8

9                IN THE UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  THOMAS HASSAN KUBBANY and   )
    NANCY KUBBANY,              )
13                              )   No.
              Plaintiffs,       )
14                              )
         vs.                    )
15                              )   COMPLAINT FOR DAMAGES
    TRANS UNION, LLC, a Delaware )
16  Corporation, LANDSAFE CREDIT,)
    INC., a California Corporation,)  DEMAND FOR JURY TRIAL
17  CENTRAL PACIFIC MORTGAGE    )
    COMPANY dba NORTH COAST     )
18  MORTGAGE, a California       )
    Corporation, and DOES I through)
19  XX, inclusive.              )
                                )
20            Defendants.        )
                                )
21

22                      INTRODUCTION

23       1.     Plaintiffs Thomas Hassan Kubbany and Nancy Kubbany bring this

24  action against defendants Trans Union, LLC, LandSafe Credit, Inc., Central Pacific

25  Mortgage Company dba North Coast Mortgage and Does I through XX, inclusive,

26  for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and the

27  California Consumer Credit Reporting Agency Act, Cal. Civil Code §§ 1785.1 et

28  seq.

1    2.    Plaintiffs were denied credit on the basis of erroneous information

2  included in plaintiff Thomas Hassan Kubbany's credit report indicating that, based

3  on a match with an entry on a watch list maintained by the United States Treasury

4  Department, he was or might be a son of Saddam Hussein of Iraq.

5

6                            JURISDICTION

7    3.    This case is brought pursuant to 15 U.S.C. § 1681p.  The court has

8  jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.  The court has supplemental

9  jurisdiction over plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

10

11            VENUE AND INTRADISTRICT ASSIGNMENT

12    4.    A substantial part of the events or omissions which give rise to

13  plaintiffs' claims occurred in Humboldt County, California.  Venue lies in the

14  Northern District of California pursuant to 28 U.S.C.§ 1391(b)(1) and (b)(2).

15    5.    Assignment to the San Francisco or Oakland Division is proper

16  pursuant to Local Civil Rule 3-2.

17

18                            PARTIES

19    6.    Plaintiff Thomas Hassan Kubbany is an individual residing in Arcata,

20  California.  At all times relevant to the claims alleged herein, he was a "consumer"

21  as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

22  § 1681a(c), and in the California Consumer Credit Reporting Agencies Act

23  ("CCRAA"), Cal. Civil Code § 1785.3(b).

24    7.    Plaintiff Nancy Kubbany is an individual residing in Arcata,

25  California.  At all times relevant to the claims alleged herein, she was a consumer

26  as that term is defined in the FCRA, 15 U.S.C. § 1681a(c), and in the CCRAA, Cal.

27  Civil Code § 1785.3(b).  She is married to plaintiff Thomas Hassan Kubbany.

28

1    8.    Defendant Trans Union, LLC is a Delaware corporation that regularly

2  conducts business in Humboldt County, California.  At all times relevant to the

3  claims alleged herein, Trans Union was a "consumer reporting agency that

4  compiles and maintains files on consumers on a nationwide basis" as that term is

5  defined in the FCRA, 15 U.S.C. § 1681a(p), and a "consumer credit reporting

6  agency" as that term is defined in the CCRAA, Cal. Civil Code § 1785.3(d).

7    9.    Defendant LandSafe Credit, Inc. is a California Corporation that

8  regularly conducts business in Humboldt County, California.  At all times relevant

9  to the claims alleged herein, LandSafe Credit was a consumer reporting agency

10  operating as a "reseller" as that term is defined in the FCRA, 15 U.S.C.

11  § 1681a(u), and a "consumer credit reporting agency" as that term is defined in the

12  CCRAA, Cal. Civil Code § 1785.3(d).

13    10.    Defendant Central Pacific Mortgage Company dba North Coast

14  Mortgage is a California corporation that regularly conducts business in Humboldt

15  County, California.

16    11.    Plaintiffs are ignorant of the true names and capacities of defendants

17  sued herein as DOES I through XX, inclusive, and therefore sue said defendants by

18  such fictitious names.  Plaintiffs are informed and believe and therefore allege on

19  information and belief, that each of the defendants sued herein as DOES I through

20  XX, inclusive, is responsible in some manner for the injuries and damages alleged

21  herein.  Plaintiffs therefore sue DOES I through XX, inclusive, by such fictitious

22  names and will seek leave to amend this complaint to add their true names and

23  capacities when the same have been ascertained.

24

25                              FACTS

26    12.    At the time of the events alleged herein, plaintiffs Thomas Hassan

27  Kubbany and Nancy Kubbany resided with their two daughters in a small rental

28  home in Arcata, California.

1    13.    In or about May 2006, plaintiffs applied as co-borrowers for a low-

2    interest loan through the City of Arcata's First Time Homebuyer Program (the

3    Loan Program).  Plaintiffs were notified on or about June 29, 2006, that they were

4    eligible to purchase a home in Arcata through the Loan Program.

5    14.    Under the terms of the Loan Program, eligible homebuyers could

6    receive low-interest financing from the City for a portion of the purchase price of a

7    home bought through a local low-income housing program or on the open market.

8    15.    Under the terms of the Loan Program, eligible homebuyers could

9    receive low-interest financing from the City if they entered into a purchase contract

10    with a seller and obtained private financing for the balance of the purchase price

11    not covered by the loan from the City.

12    16.    In or about July 2006, plaintiffs applied as co-borrowers for a private

13    loan through Vici Gordon, an agent of defendant Central Pacific Mortgage

14    Company in Eureka, California, who was, at all times relevant to the claims alleged

15    herein, acting in the course and scope of such agency.

16    17.    After receiving plaintiffs' loan application, Gordon, acting on behalf

17    of defendant Central Pacific Mortgage Company, ordered and obtained a consumer

18    credit report on plaintiff Thomas Hassan Kubbany from defendant LandSafe Credit

19    (the "Credit Report").

20    18.    The Credit Report was generated using plaintiff's full name, Thomas

21    Hassan Kubbany.

22    19.    The Credit Report provided by defendant LandSafe Credit included

23    information from three other consumer reporting agencies: Experian, Equifax and

24    defendant Trans Union.

25    20.  The Credit Report included information about both individual accounts

26    of plaintiff Thomas Hassan Kubbany and joint accounts opened in both plaintiffs'

27    names.

28    21.    In the section of the Credit Report entitled "Borrower Bureau Alert

1  Information," the Credit Report included the following statement attributed to

2  defendant Trans Union:

3       UST 03 HASSAN ALIASES: AL-TIKRITI, ALI SADDAM
         HUSSEIN DOB: 1980 ALT DOB: 1983; POB: IRAQ; NATL:
4        IRAQI; SON OF SADDAM HUSSEIN AL TIKRITI AFF: IRAQ2
         OriginalSource: OFAC
5
6       22.    "OFAC" is an acronym for the Office of Foreign Asset Control at the

7  United States Department of the Treasury.  OFAC maintains a watch list of

8  "specially designated nationals" that includes persons identified as terrorists or

9  affiliated with terrorism.  Pursuant to federal law, United States citizens, residents

10 and businesses are strictly prohibited from conducting financial transactions with

11 persons included on the OFAC watch list.

12      23.    After obtaining the Credit Report containing the alert of a match with

13 a listing for the son of Saddam Hussein on the OFAC watch list, Gordon, acting on

14 behalf of defendant Central Pacific Mortgage Company, refused to respond to

15 plaintiffs' inquiries about the status of their loan application.  Plaintiffs eventually

16 learned that their loan application was denied.

17      24.    Plaintiffs thereafter obtained a copy of the Credit Report.

18      25.    Plaintiff Thomas Hassan Kubbany is not a son of Saddam Hussein.

19 His date of birth, place of birth and nationality do not match the entry on the

20 OFAC watch list for Saddam Hussein's son.  The purported "match" with a person

21 on the OFAC watch list was based solely on plaintiff's middle name, Hassan.

22      26.    On or about September 19, 2006, plaintiff Thomas Hassan Kubbany

23 contacted defendant Trans Union through counsel.  Using Trans Union's

24 established procedure for disputing consumer credit information, plaintiff advised

25 Trans Union of the inaccurate and misleading OFAC alert on his credit report.  He

26 requested, among other things, that Trans Union immediately delete this item of

27 information from his file and take steps to ensure that it would not appear on his

28 credit report in the future.

1   27.   Trans Union failed to respond to plaintiff's initial correspondence

2   until November 13, 2006.  Trans Union failed to promptly delete the inaccurate

3   and misleading information from Thomas Hassan Kubbany's file.  Trans Union

4   failed to timely notify plaintiff Thomas Hassan Kubbany that it had taken steps to

5   correct the error.  Trans Union failed to provide plaintiff with a copy of his

6   corrected credit report.  Trans Union failed to provide plaintiff with information

7   about his rights under federal and state laws.  Trans Union failed to provide

8   plaintiff with timely notice of the results of any reinvestigation of the disputed

9   information.

10   28.   On or about December 15, 2006, plaintiff Thomas Hassan Kubbany

11   sent a second letter to Trans Union that demanded, among other things, that Trans

12   Union delete the inaccurate item of information from his file and take steps to

13   ensure that the item would not appear on his credit report in the future.  Defendant

14   Trans Union responded in a letter dated January 5, 2007, stating that it had taken

15   some steps to address plaintiff's concerns, but denying any legal obligation to

16   address the problem.

17   29.   On or about September 19, 2006, plaintiff Thomas Hassan Kubbany

18   contacted defendant LandSafe Credit through counsel.  Plaintiff advised LandSafe

19   Credit of the inaccurate and misleading OFAC alert on his credit report.  He

20   requested, among other things, that LandSafe immediately delete this item of

21   information from his file and take steps to ensure that it would not appear on his

22   credit report in the future.

23   30.   LandSafe Credit failed to respond to plaintiff's initial correspondence

24   until October 27, 2006.  LandSafe Credit failed to promptly delete the inaccurate

25   and misleading information from Thomas Hassan Kubbany's file.  LandSafe Credit

26   refused to take steps to ensure that this inaccurate and misleading information

27   would not appear on his credit report in the future.  LandSafe Credit failed to

28   provide plaintiff with a copy of his corrected credit report and failed to provide

1 │ plaintiff with information about his rights under federal and state laws.

2 │      31.    On December 15, 2006, plaintiff Thomas Hassan Kubbany sent a

3 │ second letter to LandSafe Credit that demanded, among other things, that LandSafe

4 │ Credit delete the inaccurate item of information from his file and take steps to

5 │ ensure that the item would not appear on his credit report in the future.

6 │      32.    Plaintiffs are informed and believe, and on that basis allege that after

7 │ receiving the notice of disputed credit information described herein, defendants

8 │ Trans Union and/or LandSafe Credit continued to provide third parties, including

9 │ potential loan and credit grantors, with consumer credit reports containing

10 │ inaccurate and misleading information about plaintiff Thomas Hassan Kubbany,

11 │ including the OFAC alert information, until at least January 5, 2007.

12 │      33.    At the time of the events alleged herein, defendants Trans Union and

13 │ LandSafe Credit utilized a method for screening consumers against the OFAC

14 │ watch list that does not assure maximum possible accuracy of the information

15 │ concerning the consumers.

16 │      34.    At the time of the events alleged herein, defendants Trans Union and

17 │ LandSafe Credit were aware of the risk that the method they utilized for screening

18 │ consumers against the OFAC watch list could easily result in the publication of

19 │ inaccurate and misleading credit report information that would be damaging to

20 │ consumers.

21 │      35.    On information and belief, defendants Trans Union and LandSafe

22 │ Credit continue to utilize the same flawed screening method that resulted in the

23 │ publication of the inaccurate and misleading OFAC alert on plaintiff Thomas

24 │ Hassan Kubbany's credit report.

25 │      36.    All of the defendants' conduct alleged herein was malicious,

26 │ oppressive or in reckless disregard of the plaintiffs' rights.

27 │ //

28 │ //

1

FIRST CLAIM FOR RELIEF

2

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)
by Trans Union LLC)

3

4

37.    Plaintiffs incorporate by reference and reallege each and every

allegation in Paragraphs 1-36.

5

6

38.    Defendant Trans Union willfully failed to follow reasonable

procedures to assure maximum possible accuracy of the information in plaintiff

7

Thomas Hassan Kubbany's credit report, information and file in violation of 15

8

U.S.C. § 1681e(b).

9

39.    As a result of defendant Trans Union's conduct, plaintiffs have

10

suffered, and continue to suffer, actual damages, including but not limited to

11

damages arising from loss of credit and loan opportunities, excessive and/or

12

elevated interest rates and finance charges, pain and suffering, and emotional

13

distress.

14

15

SECOND CLAIM FOR RELIEF

16

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)
by Trans Union LLC)

17

18

40.    Plaintiffs incorporate by reference and reallege each and every

19

allegation in Paragraphs 1-36.

20

41.    Defendant Trans Union negligently failed to follow reasonable

21

procedures to assure maximum possible accuracy of the information in plaintiff

22

Thomas Hassan Kubbany's credit report, information and file in violation of 15

23

U.S.C. § 1681e(b).

24

42.    As a result of defendant Trans Union's conduct, plaintiffs have

25

suffered, and continue to suffer, actual damages, including but not limited to

26

damages arising from loss of credit and loan opportunities, excessive and/or

27

elevated interest rates and finance charges, pain and suffering, and emotional

28

distress.

1

THIRD CLAIM FOR RELIEF

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681i
by Trans Union LLC)

2

3

43.    Plaintiffs incorporate by reference and reallege each and every

4

allegation in Paragraphs 1-36.

5

44.    Defendant Trans Union willfully failed to comply with the

6

requirements of the FCRA, 15 U.S.C. § 1681i, after receiving the notice described

7

herein concerning disputed information in the credit report of plaintiff Thomas

8

Hassan Kubbany.

9

45.    As a result of Trans Union's conduct, plaintiffs have suffered, and

10

continue to suffer, actual damages, including but not limited to damages arising

11

from loss of credit and loan opportunities, excessive and/or elevated interest rates

12

and finance charges, pain and suffering, and emotional distress.

13

14

FOURTH CLAIM FOR RELIEF

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681i
by Trans Union LLC)

15

16

17

46.    Plaintiffs incorporate by reference and reallege each and every

18

allegation in Paragraphs 1-36.

19

47.    Defendant Trans Union negligently failed to comply with the

20

requirements of the FCRA, 15 U.S.C. § 1681i, after receiving the notice described

21

herein concerning disputed information in the credit report of plaintiff Thomas

22

Hassan Kubbany.

23

48.    As a result of Trans Union's conduct, plaintiffs have suffered, and

24

continue to suffer, actual damages, including but not limited to damages arising

25

from loss of credit and loan opportunities, excessive and/or elevated interest rates

26

and finance charges, pain and suffering, and emotional distress.

27

//

28

//

1

## FIFTH CLAIM FOR RELIEF

2

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)
by LandSafe Credit, Inc.)

3

4

49.    Plaintiffs incorporate by reference and reallege each and every

allegation in Paragraphs 1-36.

5

6

50.    Defendant LandSafe Credit willfully failed to follow reasonable

procedures to assure maximum possible accuracy of the information in plaintiff

7

Thomas Hassan Kubbany's credit report, information and file in violation of 15

8

U.S.C. § 1681e(b).

9

51.    As a result of defendant LandSafe Credit's conduct, plaintiffs have

10

suffered, and continue to suffer, actual damages, including but not limited to

11

damages arising from loss of credit and loan opportunities, excessive and/or

12

elevated interest rates and finance charges, pain and suffering, and emotional

13

distress.

14

15

## SIXTH CLAIM FOR RELIEF

16

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)
by LandSafe Credit, Inc.)

17

18

52.    Plaintiffs incorporate by reference and reallege each and every

19

allegation in Paragraphs 1-36.

20

53.    Defendant LandSafe Credit negligently failed to follow reasonable

21

procedures to assure maximum possible accuracy of the information in plaintiff

22

Thomas Hassan Kubbany's credit report, information and file in violation of 15

23

U.S.C. § 1681e(b).

24

54.    As a result of defendant LandSafe Credit's conduct, plaintiffs have

25

suffered, and continue to suffer, actual damages, including but not limited to

26

damages arising from loss of credit and loan opportunities, excessive and/or

27

elevated interest rates and finance charges, pain and suffering, and emotional

28

distress.

1

SEVENTH CLAIM FOR RELIEF

2

(Willful Violation of the California Consumer Credit Reporting Agency Act,<br>Cal. Civil Code § 1785.14(b), by Trans Union LLC)

3

4

55.    Plaintiffs incorporate by reference and reallege each and every

allegation in Paragraphs 1-36.

5

6

56.    Defendant Trans Union willfully failed to follow reasonable

procedures to assure maximum possible accuracy of the information in plaintiff

7

Thomas Hassan Kubbany's credit report, information and file in violation of Civ.

8

Code, § 1785.14(b).

9

57.    As a result of defendant Trans Union's conduct, plaintiffs have

10

suffered, and continue to suffer, actual damages, including but not limited to

11

damages arising from loss of credit and loan opportunities, excessive and/or

12

elevated interest rates and finance charges, pain and suffering, and emotional

13

distress.

14

15

EIGHTH CLAIM FOR RELIEF

16

(Violation of the California Consumer Credit Reporting Agency Act,<br>Cal. Civil Code § 1785.14(b), by Trans Union LLC)

17

18

58.    Plaintiffs incorporate by reference and reallege each and every

19

allegation in Paragraphs 1-36.

20

59.    Defendant Trans Union negligently failed to follow reasonable

21

procedures to assure maximum possible accuracy of the information in plaintiff

22

Thomas Hassan Kubbany's credit report, information and file in violation of Civ.

23

Code, § 1785.14(b).

24

60.    As a result of defendant Trans Union's conduct, plaintiffs have

25

suffered, and continue to suffer, actual damages, including but not limited to

26

damages arising from loss of credit and loan opportunities, excessive and/or

27

elevated interest rates and finance charges, pain and suffering, and emotional

28

distress.

NINTH CLAIM FOR RELIEF

(Willful Violation of the California Consumer Credit Reporting Agency Act,
Cal. Civil Code § 1785.14(b), by LandSafe Credit, Inc.)

61.    Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1-36.

62.    Defendant LandSafe Credit willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information in plaintiff Thomas Hassan Kubbany's credit report, information and file in violation of Civ. Code, § 1785.14(b).

63.    As a result of defendant LandSafe Credit's conduct, plaintiffs have suffered, and continue to suffer, actual damages, including but not limited to damages arising from loss of credit and loan opportunities, excessive and/or elevated interest rates and finance charges, pain and suffering, and emotional distress.

TENTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act,
Cal. Civil Code § 1785.14(b), by LandSafe Credit, Inc.)

64.    Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1-36.

65.    Defendant LandSafe Credit negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information in plaintiff Thomas Hassan Kubbany's credit report, information and file in violation of Civ. Code, § 1785.14(b).

66.    As a result of defendant LandSafe Credit's conduct, plaintiffs have suffered, and continue to suffer, actual damages, including but not limited to damages arising from loss of credit and loan opportunities, excessive and/or elevated interest rates and finance charges, pain and suffering, and emotional distress.

1

## ELEVENTH CLAIM FOR RELIEF

2
(Willful Violation of the California Consumer Credit Reporting Agency Act,
Cal. Civil Code § 1785.16 by Trans Union LLC)

3

4
        67.     Plaintiffs incorporate by reference and reallege each and every

allegation in Paragraphs 1-36.

5

6
        68.     Defendant Trans Union willfully failed to comply with the

requirements of the Cal. Civil Code § 1785.16 after receiving the notice described

7
herein concerning disputed information in the credit report of plaintiff Thomas

8
Hassan Kubbany.

9
        69.     As a result of defendant Trans Union's conduct, plaintiffs have

10
suffered, and continue to suffer, actual damages, including but not limited to

11
damages arising from loss of credit and loan opportunities, excessive and/or

12
elevated interest rates and finance charges, pain and suffering, and emotional

13
distress.

14

15

## TWELFTH CLAIM FOR RELIEF

16
(Violation of the California Consumer Credit Reporting Agency Act,
Cal. Civil Code § 1785.16 by Trans Union LLC)

17

18
        70.     Plaintiffs incorporate by reference and reallege each and every

19
allegation in Paragraphs 1-36.

20
        71.     Defendant Trans Union negligently failed to comply with the

21
requirements of the Cal. Civil Code § 1785.16 after receiving the notice described

22
herein concerning disputed information in the credit report of plaintiff Thomas

23
Hassan Kubbany.

24
        72.     As a result of defendant Trans Union's conduct, plaintiffs have

25
suffered, and continue to suffer, actual damages, including but not limited to

26
damages arising from loss of credit and loan opportunities, excessive and/or

27
elevated interest rates and finance charges, pain and suffering, and emotional

28
distress.

1

THIRTEENTH CLAIM FOR RELIEF

2

(Willful Violation of the California Consumer Credit Reporting Agency Act, Cal. Civil Code § 1785.16 by LandSafe Credit, Inc.)

3

4

73.    Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1-36.

5

6

74.    Defendant LandSafe Credit willfully failed to comply with the requirements of the Cal. Civil Code § 1785.16 after receiving the notice described herein concerning disputed information in the credit report of plaintiff Thomas Hassan Kubbany.

7

8

9

75.    As a result of defendant LandSafe Credit's conduct, plaintiffs have suffered, and continue to suffer, actual damages, including but not limited to damages arising from loss of credit and loan opportunities, excessive and/or elevated interest rates and finance charges, pain and suffering, and emotional distress.

10

11

12

13

14

15

FOURTEENTH CLAIM FOR RELIEF

16

(Violation of the California Consumer Credit Reporting Agency Act, Cal. Civil Code § 1785.16 by LandSafe Credit, Inc.)

17

18

76.    Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1-36.

19

20

77.    Defendant LandSafe Credit negligently failed to comply with the requirements of the Cal. Civil Code § 1785.16 after receiving the notice described herein concerning disputed information in the credit report of plaintiff Thomas Hassan Kubbany.

21

22

23

24

78.    As a result of defendant LandSafe Credit's conduct, plaintiffs have suffered, and continue to suffer, actual damages, including but not limited to damages arising from loss of credit and loan opportunities, excessive and/or elevated interest rates and finance charges, pain and suffering, and emotional distress.

25

26

27

28

1

## FIFTEENTH CLAIM FOR RELIEF

2

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681m
by Central Pacific Mortgage Company)

3

4

79.   Plaintiffs incorporate by reference and reallege each and every

allegation in Paragraphs 1-36.

5

6

80.   Defendant Central Pacific Mortgage Company willfully failed to

comply with the notice requirements of 15 U.S.C. § 1681m after taking adverse

7

action against plaintiffs based on information in the Credit Report.

8

81.   As a result of Central Pacific Mortgage Company's conduct, plaintiffs

9

have suffered, and continue to suffer, actual damages, including but not limited to

10

damages arising from loss of credit and loan opportunities, excessive and/or

11

elevated interest rates and finance charges, pain and suffering, and emotional

12

distress.

13

14

## SIXTEENTH CLAIM FOR RELIEF

15

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681m
by Central Pacific Mortgage Company)

16

17

82.   Plaintiffs incorporate by reference and reallege each and every

18

allegation in Paragraphs 1-36.

19

83.   Defendant Central Pacific Mortgage Company negligently failed to

20

comply with the notice requirements of 15 U.S.C. § 1681m after taking adverse

21

action against plaintiffs based on information in the Credit Report.

22

84.   As a result of defendant Central Pacific Mortgage Company's

23

conduct, plaintiffs have suffered, and continue to suffer, actual damages, including

24

but not limited to damages arising from loss of credit and loan opportunities,

25

excessive and/or elevated interest rates and finance charges, pain and suffering,

26

and emotional distress.

27

//

28

//

SEVENTEENTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act,
Cal. Civil Code § 1785.19 by Central Pacific Mortgage Company)

85.    Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1-36.

86.    Plaintiffs are informed and believe, and therefore allege on information and belief, that defendant Central Pacific Mortgage Company used data regarding plaintiffs received from one or more credit reporting agencies in a manner contrary to its agreements with those credit reporting agencies, in violation of Cal. Civ. Code § 1785.19.

87.    As a result of defendant Central Pacific Mortgage Company's conduct, plaintiffs have suffered, and continue to suffer, actual damages, including but not limited to damages arising from loss of credit and loan opportunities, excessive and/or elevated interest rates and finance charges, pain and suffering, and emotional distress.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1.    For compensatory damages in an amount according to proof;

2.    For civil penalties;

3    For punitive damages;

4.    For reasonable attorneys' fees;

5.    For costs of suit; and

6.    For such other and further relief as the court deems just and proper.


Dated: January 16, 2008

LAW OFFICES OF AMITAI SCHWARTZ


By: _____/s/_____
    Amitai Schwartz
    Attorneys for Plaintiffs


COMPLAINT; DEMAND FOR JURY TRIAL                    16

1

## DEMAND FOR TRIAL BY JURY

2

3          Plaintiffs hereby demand trial by jury.

4

5    Dated: January 16, 2008

6                                              LAW OFFICES OF AMITAI SCHWARTZ

7
                                              By: _____/s/_____
8                                                    Amitai Schwartz
                                                     Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28