**BRYAN CAVE LLP**
ROBERT E. BOONE III, California Bar No. 132780
JENNIFER A. JACKSON, California Bar No. 192998
AMY M. GANTVOORT, California Bar No. 227294
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
e-mail: reboone@bryancave.com
 jjackson@bryancave.com
 amy.gantvoort@bryancave.com

Attorneys for Defendant
LANDSAFE CREDIT, INC.

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HASSAN KUBBANY and NANCY KUBBANY,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSUNION, LLC, a Delaware Corporation, LANDSAFE CREDIT, INC., a California Corporation, CENTRAL PACIFIC MORTGAGE COMPANY dba NORTH COAST MORTGAGE, a California Corporation, and DOES I THROUGH XX, inclusive,<br><br>Defendants. | Case No. CV 08 0320 WDB<br><br>**DEFENDANT LANDSAFE CREDIT, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>Date Action Filed: January 17, 2008<br>Trial Date: None set |

Defendant Landsafe Credit, Inc. ("Landsafe"), for itself and no other defendant, answers the Complaint for Damages ("Complaint") of Plaintiffs Thomas Hassan Kubbany and Nancy Kubbany (collectively, "Plaintiffs"), and admits, denies, and alleges as follows:

SM01DOCS671164.3

# INTRODUCTION

1. In response to the allegations of paragraph 1 of the Complaint, Landsafe admits that Plaintiffs purport to bring this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections 1681 *et seq.*, and the California Consumer Credit Reporting Agency Act ("CCRAA"), California Civil Code sections 1785.1 *et seq*. Landsafe denies the remaining allegations of paragraph 1 of the Complaint.

2. Landsafe lacks adequate information to admit or deny the allegations of paragraph 2 of the Complaint, and on that basis denies them.

# JURISDICTION

3. In response to the allegations of paragraph 3 of the Complaint, Landsafe admits that this Court has jurisdiction because Plaintiffs purportedly bring this action under 15 U.S.C. sections 1681p and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. section 1367. Insofar as the allegations of paragraph 3 of the Complaint are construed to imply any alleged wrongdoing or liability on the part of Landsafe, Landsafe denies the allegations.

# VENUE AND INTRADISTRICT ASSIGNMENT

4. In response to the allegations of paragraph 4 of the Complaint, Landsafe admits that venue is proper in the Northern District of California pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). Insofar as the allegations of paragraph 4 of the Complaint are construed to imply any alleged wrongdoing or liability on the part of Landsafe, Landsafe denies the allegations.

5. In response to the allegations of paragraph 5 of the Complaint, Landsafe admits that assignment lies in the San Francisco or Oakland Division pursuant to Local Civil Rule 3-2. Insofar as the allegations of paragraph 5 of the Complaint are construed to imply any alleged wrongdoing or liability on the part of Landsafe, Landsafe denies the allegations.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## PARTIES

6. Landsafe lacks adequate information to admit or deny the allegations of paragraph 6 of the Complaint, and on that basis denies them.

7. Landsafe lacks adequate information to admit or deny the allegations of paragraph 7 of the Complaint, and on that basis denies them.

8. Landsafe lacks adequate information to admit or deny the allegations of paragraph 8 of the Complaint, and on that basis denies them.

9. In response to the allegations of paragraph 9 of the Complaint, Landsafe admits that it is a California corporation and a "reseller" as that term is defined in the FCRA, 15 U.S.C. section 1681a(u). Landsafe lacks adequate information to admit or deny the allegation that Landsafe was a consumer reporting agency operating as a "consumer credit reporting agency" as that term is defined in the CCRAA, California Civil Code section 1785.3(d), and on that basis denies such allegation. Landsafe denies the remaining allegations of paragraph 9 of the Complaint.

10. Landsafe lacks adequate information to admit or deny the allegations of paragraph 10 of the Complaint, and on that basis denies them.

11. Landsafe lacks adequate information to admit or deny the allegations of paragraph 11 of the Complaint, and on that basis denies them.

## FACTS

12. Landsafe lacks adequate information to admit or deny the allegations of paragraph 12 of the Complaint, and on that basis denies them.

13. Landsafe lacks adequate information to admit or deny the allegations of paragraph 13 of the Complaint, and on that basis denies them.

14. Landsafe lacks adequate information to admit or deny the allegations of paragraph 14 of the Complaint, and on that basis denies them.

15. Landsafe lacks adequate information to admit or deny the allegations of paragraph 15 of the Complaint, and on that basis denies them.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Case 4:08-cv-00320-CW   Document 16   Filed 03/04/2008   Page 4 of 14

| | |
|---|---|
| 1 | 16.  Landsafe lacks adequate information to admit or deny the allegations of |
| 2 | paragraph 16 of the Complaint, and on that basis denies them. |
| 3 | 17.  Landsafe lacks adequate information to admit or deny the allegations of |
| 4 | paragraph 17 of the Complaint, and on that basis denies them. |

16.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 16 of the Complaint, and on that basis denies them.

17.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 17 of the Complaint, and on that basis denies them.

18.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 18 of the Complaint, and on that basis denies them.

19.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 19 of the Complaint, and on that basis denies them.

20.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 20 of the Complaint, and on that basis denies them.

21.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 21 of the Complaint, and on that basis denies them.

22.  In response to the allegations of paragraph 22 of the Complaint, Landsafe admits that Plaintiffs attempt to define certain terms in this paragraph. Landsafe further responds that the referenced laws in this paragraph speak for themselves, and on that basis disregards Plaintiffs' allegations as to the content or import of such laws.

23.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 23 of the Complaint, and on that basis denies them.

24.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 24 of the Complaint, and on that basis denies them.

25.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 25 of the Complaint, and on that basis denies them.

26.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 26 of the Complaint, and on that basis denies them.

27.  Landsafe lacks adequate information to admit or deny the allegations of paragraph 27 of the Complaint, and on that basis denies them.

28.  Landsafe lacks adequate information to admit or deny the allegations of

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS671164.3          4
LANDSAFE CREDIT, INC'S ANSWER TO COMPLAINT

paragraph 28 of the Complaint, and on that basis denies them.

28. [sic — continues] 29. Landsafe lacks adequate information to admit or deny the allegations of paragraph 29 of the Complaint, and on that basis denies them.

30. Landsafe lacks adequate information to admit or deny the allegations of paragraph 30 of the Complaint, and on that basis denies them.

31. Landsafe lacks adequate information to admit or deny the allegations of paragraph 31 of the Complaint, and on that basis denies them.

32. Landsafe lacks adequate information to admit or deny the allegations of paragraph 32 of the Complaint, and on that basis denies them.

33. Landsafe denies the allegations of paragraph 33 of the Complaint.

34. Landsafe denies the allegations of paragraph 34 of the Complaint.

35. Landsafe denies the allegations of paragraph 35 of the Complaint.

36. Landsafe denies the allegations of paragraph 36 of the Complaint.

## FIRST CLAIM FOR RELIEF

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)

by Trans Union LLC)

37. Paragraph 37 is not directed against Landsafe and thus does not require a response from Landsafe.

38. Paragraph 38 is not directed against Landsafe and thus does not require a response from Landsafe.

39. Paragraph 39 is not directed against Landsafe and thus does not require a response from Landsafe.

## SECOND CLAIM FOR RELIEF

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)

by Trans Union LLC)

40. Paragraph 40 is not directed against Landsafe and thus does not require a response from Landsafe.

41. Paragraph 41 is not directed against Landsafe and thus does not require

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  a response from Landsafe.

2     42.   Paragraph 42 is not directed against Landsafe and thus does not require
3  a response from Landsafe.

### THIRD CLAIM FOR RELIEF

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681i

by Trans Union LLC)

7     43.   Paragraph 43 is not directed against Landsafe and thus does not require
8  a response from Landsafe.

9     44.   Paragraph 44 is not directed against Landsafe and thus does not require
10 a response from Landsafe.

11    45.   Paragraph 45 is not directed against Landsafe and thus does not require
12 a response from Landsafe.

### FOURTH CLAIM FOR RELIEF

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681i

by Trans Union LLC)

16    46.   Paragraph 46 is not directed against Landsafe and thus does not require
17 a response from Landsafe.

18    47.   Paragraph 47 is not directed against Landsafe and thus does not require
19 a response from Landsafe.

20    48.   Paragraph 48 is not directed against Landsafe and thus does not require
21 a response from Landsafe.

### FIFTH CLAIM FOR RELIEF

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)

by Landsafe Credit, Inc.)

25    49.   In response to paragraph 49 of the Complaint, Landsafe incorporates by
26 reference its responses to paragraphs 1 through 36 above. Except as expressly
27 admitted in such responses, Landsafe denies the allegations of paragraph 49 and
28 each and every paragraph referenced therein.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  50. Landsafe denies the allegations of paragraph 50 of the Complaint.

2  51. Landsafe denies the allegations of paragraph 51 of the Complaint.

### SIXTH CLAIM FOR RELIEF

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681e(b)

by Landsafe Credit, Inc.)

52. In response to paragraph 52 of the Complaint, Landsafe incorporates by reference its responses to paragraphs 1 through 36 above.  Except as expressly admitted in such responses, Landsafe denies the allegations of paragraph 52 and each and every paragraph referenced therein.

53. Landsafe denies the allegations of paragraph 53 of the Complaint.

54. Landsafe denies the allegations of paragraph 54 of the Complaint.

### SEVENTH CLAIM FOR RELIEF

(Willful Violation of the California Consumer Credit Reporting Agency Act,

Cal. Civil Code § 1785.14(b), by Trans Union, LLC)

55. Paragraph 55 is not directed against Landsafe and thus does not require a response from Landsafe.

56. Paragraph 56 is not directed against Landsafe and thus does not require a response from Landsafe.

57. Paragraph 57 is not directed against Landsafe and thus does not require a response from Landsafe.

### EIGHTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act,

Cal. Civil Code § 1785.14(b), by Trans Union, LLC)

58. Paragraph 58 is not directed against Landsafe and thus does not require a response from Landsafe.

59. Paragraph 59 is not directed against Landsafe and thus does not require a response from Landsafe.

60. Paragraph 60 is not directed against Landsafe and thus does not require

a response from Landsafe.

### NINTH CLAIM FOR RELIEF

(Willful Violation of the California Consumer Credit Reporting Agency Act, Cal. Civil Code § 1785.14(b), by Landsafe Credit, Inc.)

61. In response to paragraph 61 of the Complaint, Landsafe incorporates by reference its responses to paragraphs 1 through 36 above. Except as expressly admitted in such responses, Landsafe denies the allegations of paragraph 61 and each and every paragraph referenced therein.

62. Landsafe denies the allegations of paragraph 62 of the Complaint.

63. Landsafe denies the allegations of paragraph 63 of the Complaint.

### TENTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act, Cal. Civil Code § 1785.14(b), by Landsafe Credit, Inc.)

64. In response to paragraph 64 of the Complaint, Landsafe incorporates by reference its responses to paragraphs 1 through 36 above. Except as expressly admitted in such responses, Landsafe denies the allegations of paragraph 64 and each and every paragraph referenced therein.

65. Landsafe denies the allegations of paragraph 65 of the Complaint.

66. Landsafe denies the allegations of paragraph 66 of the Complaint.

### ELEVENTH CLAIM FOR RELIEF

(Willful Violation of the California Consumer Credit Reporting Agency Act, Cal. Civil Code § 1785.16, by Trans Union LLC)

67. Paragraph 67 is not directed against Landsafe and thus does not require a response from Landsafe.

68. Paragraph 68 is not directed against Landsafe and thus does not require a response from Landsafe.

69. Paragraph 69 is not directed against Landsafe and thus does not require

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  a response from Landsafe.

### TWELFTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act,

Cal. Civil Code § 1785.16, by Trans Union LLC)

70. Paragraph 70 is not directed against Landsafe and thus does not require a response from Landsafe.

71. Paragraph 71 is not directed against Landsafe and thus does not require a response from Landsafe.

72. Paragraph 72 is not directed against Landsafe and thus does not require a response from Landsafe.

### THIRTEENTH CLAIM FOR RELIEF

(Willful Violation of the California Consumer Credit Reporting Agency Act,

Cal. Civil Code § 1785.16, by Landsafe Credit, Inc.)

73. In response to paragraph 73 of the Complaint, Landsafe incorporates by reference its responses to paragraphs 1 through 36 above.  Except as expressly admitted in such responses, Landsafe denies the allegations of paragraph 73 and each and every paragraph referenced therein.

74. Landsafe denies the allegations of paragraph 74 of the Complaint.

75. Landsafe denies the allegations of paragraph 75 of the Complaint.

### FOURTEENTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act,

Cal. Civil Code § 1785.16, by Landsafe Credit, Inc.)

76. In response to paragraph 76 of the Complaint, Landsafe incorporates by reference its responses to paragraphs 1 through 36 above.  Except as expressly admitted in such responses, Landsafe denies the allegations of paragraph 76 and each and every paragraph referenced therein.

77. Landsafe denies the allegations of paragraph 77 of the Complaint.

78. Landsafe denies the allegations of paragraph 78 of the Complaint.

## FIFTEENTH CLAIM FOR RELIEF

(Willful Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681m by Central Pacific Mortgage Company)

79. Paragraph 79 is not directed against Landsafe and thus does not require a response from Landsafe.

80. Paragraph 80 is not directed against Landsafe and thus does not require a response from Landsafe.

81. Paragraph 81 is not directed against Landsafe and thus does not require a response from Landsafe.

## SIXTEENTH CLAIM FOR RELIEF

(Violation of the Fair Credit Practices Act, 15 U.S.C. § 1681m by Central Pacific Mortgage Company)

82. Paragraph 82 is not directed against Landsafe and thus does not require a response from Landsafe.

83. Paragraph 83 is not directed against Landsafe and thus does not require a response from Landsafe.

84. Paragraph 84 is not directed against Landsafe and thus does not require a response from Landsafe.

## SEVENTEENTH CLAIM FOR RELIEF

(Violation of the California Consumer Credit Reporting Agency Act, Cal. Civil Code § 1785.19 by Central Pacific Mortgage Company)

85. Paragraph 85 is not directed against Landsafe and thus does not require a response from Landsafe.

86. Paragraph 86 is not directed against Landsafe and thus does not require a response from Landsafe.

87. Paragraph 87 is not directed against Landsafe and thus does not require

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

a response from Landsafe.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Claim)

88. The Complaint does not state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(Applicable Statutes of Limitation)

89. The Complaint is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to the statutes of limitation set forth in 15 U.S.C. section 1681p and California Civil Code section 1785.33.

### THIRD AFFIRMATIVE DEFENSE

(Compliance with Applicable Law)

90. The Complaint is barred, in whole or in part, because Landsafe acted in compliance with all applicable laws, statutes, and regulations, including but not limited to the FCRA, 15 U.S.C. sections 1681a-x, and the CCRAA, California Civil Code sections 1785.10 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

(Use of Reasonable Procedures to Assure Accuracy)

91. At all relevant times, Landsafe followed reasonable procedures to assure maximum possible accuracy of the credit information pertaining to Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

(Use of Proper Reinvestigation Procedures)

91. At all relevant times, Landsafe conducted proper reinvestigation procedures pertaining to Plaintiffs' credit reports and the information contained therein.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## SIXTH AFFIRMATIVE DEFENSE

(Consent)

92. Any credit report or other information pertaining to Plaintiffs that was released by Landsafe was done so with Plaintiffs' express or implied consent.

## SEVENTH AFFIRMATIVE DEFENSE

(No Damages)

93. The Complaint is barred, in whole or in part, because Plaintiffs have not suffered the injury or damages alleged, or any other injury or damages.

## EIGHTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

94. The Complaint is barred, in whole or in part, because none of the alleged acts or omissions of Landsafe were the proximate cause of Plaintiffs' purported injuries and damages, if any.

## NINTH AFFIRMATIVE DEFENSE

(Plaintiffs' Own Acts or Omissions)

95. The Complaint is barred, in whole or in part, because any injury, damage or loss allegedly sustained by Plaintiffs was proximately and actually caused by and contributed to by the negligence and carelessness of Plaintiffs in that Plaintiffs failed to exercise ordinary care on their own behalf at the times set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Cause)

96. The Complaint is barred, in whole or in part, because if Plaintiffs sustained injury or damage, said injury or damage was caused wholly or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other than Landsafe, which conduct, acts or omissions, or fault was the sole proximate cause or an intervening or superseding cause of any injury or damage to Plaintiffs.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

97. The Complaint is barred, in whole or in part, on the ground that Landsafe's conduct with respect to Plaintiffs was effected reasonably and in good faith based on the facts and circumstances known, without malice, spite, or conscious, reckless, or negligent disregard of Plaintiffs' rights, if any, and without improper purpose or motive, maliciousness, or ill will of any kind.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

98. The Complaint is barred, in whole or in part, because Plaintiffs failed and refused to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

99. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Recovery of Punitive Damages)

100. The Complaint fails to allege facts sufficient to support a claim for recovery of punitive damages against Landsafe, and Plaintiffs are therefore not entitled to such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Future Defenses)

101. Landsafe reserves the right to amend this pleading to include further affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Landsafe prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint and that the same be dismissed with prejudice;

2. That Landsafe have judgment entered in its favor;

3. That Landsafe be awarded costs of suit, including attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

Dated: March 4, 2008

**BRYAN CAVE LLP**
ROBERT E. BOONE III
JENNIFER A. JACKSON
AMY M. GANTVOORT

By: s/Amy M. Gantvoort
    Amy M. Gantvoort
Attorneys for Defendant
LANDSAFE CREDIT, INC.