1  Amitai Schwartz (CSB #55187)
   Lisa Sitkin (CSB #194127)
2  Law Offices of Amitai Schwartz
   Watergate Towers
3  2000 Powell Street, Suite 1286
   Emeryville, CA 94608
4  (510) 597-1775
   (510) 597-0957 (fax)
5  attorneys@schwartzlaw.com

6  Attorneys for Plaintiffs Thomas Hassan
   Kubbany and Nancy Kubbany
7
   Donald E. Bradley (CSB #145037)
8  Musick Peeler & Garrett LLP
   650 Town Center Drive, Suite 1200
9  Costa Mesa, CA 92626
   714-668-2400
10 714-668-2490 (fax)
   d.bradley@mpglaw.com
11
   Attorneys for Defendant Trans Union LLC
12
   Robert E. Boone III (CSB #132780
13 Jennifer A. Jackson (CSB #192998)
   Amy M. Gantvoort (CSB #227294)
14 Bryan Cave LLP
   120 Broadway, Suite 300
15 Santa Monica, CA 90401-2386
   (310) 576-2100
16 (310) 576-2200 (fax)
   reboone@bryancave.com
17 jjackson@bryancave.com
   amy.gantvoort@bryancave.com
18
   Attorneys for Defendant LandSafe Credit, Inc.
19

20
21              IN THE UNITED STATES DISTRICT COURT
22              NORTHERN DISTRICT OF CALIFORNIA

23 THOMAS HASSAN KUBBANY,        )   No. CV 08 0320 CW
        et al.,                  )
24                               )   JOINT CASE MANAGEMENT
            Plaintiffs,          )   STATEMENT
25      vs.                      )
                                 )
26 TRANS UNION, LLC, et al.,     )   Date: April 29, 2008
                                 )   Time: 2:00 p.m.
27          Defendants.          )   Courtroom: 2, Hon. Claudia Wilken
                                 )
28 _____   )

1    Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, plaintiffs Thomas Hassan Kubbany and Nancy Kubbany and defendants Trans Union LLC and LandSafe Credit, Inc. hereby submit the following Joint Case Management Statement.[1]

1.   <u>Jurisdiction and Service</u>:  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.  The Court has supplemental jurisdiction over plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

There are no outstanding issues regarding personal jurisdiction or venue.  No parties remain to be served.

2.   <u>Joint Statement of Facts of Plaintiffs and Defendant LandSafe Credit</u>:

Plaintiffs Thomas Hassan Kubbany and Nancy Kubbany are a married couple residing in Arcata, California.

Defendant Trans Union, LLC is a Delaware LLC.  Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(p), and a "consumer credit reporting agency" as that term is defined in Cal. Civil Code § 1785.3(d).

Defendant LandSafe Credit, Inc. is a California Corporation.  LandSafe Credit is a consumer reporting agency operating as a "reseller" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(u), and a "consumer credit reporting agency" as that term is defined in Cal. Civil Code § 1785.3(d).

In or about July 2006, plaintiffs applied as co-borrowers for a home loan through Central Pacific Mortgage Company dba North Coast Mortgage in Eureka, California ("Central Pacific Mortgage").  Central Pacific Mortgage ordered a credit report on plaintiff Thomas Hassan Kubbany from defendant LandSafe Credit.

---

[1] Defendant Central Pacific Mortgage Company dba North Coast Mortgage has not answered or otherwise appeared in this action despite personal service on its agent.  The Clerk entered default against this defendant on February 22, 2008.

LandSafe Credit provided a credit report to Central Pacific Mortgage that included information from three consumer credit reporting agencies: Experian, Equifax and defendant Trans Union. A section of the credit report entitled "Borrower Bureau Alert Information" included the following statement:

> UST 03 HASSAN ALIASES: AL-TIKRITI, ALI SADDAM HUSSEIN DOB: 1980 ALT DOB: 1983; POB: IRAQ; NATL: IRAQI; SON OF SADDAM HUSSEIN AL TIKRITI AFF: IRAQ2 OriginalSource: OFAC

Defendant Trans Union was listed as the credit bureau that provided this information.

"OFAC" is an acronym for the Office of Foreign Asset Control at the United States Department of the Treasury. OFAC maintains a watch list that includes persons identified as terrorists or affiliated with terrorism. Pursuant to federal law, United States citizens, residents and businesses are strictly prohibited from conducting financial transactions with persons included on the OFAC watch list.

Plaintiff Thomas Hassan Kubbany is not Saddam Hussein's son.

Plaintiffs' loan application was denied.

Mr. Kubbany contacted defendant Trans Union through counsel on or about September 19, 2006. He advised Trans Union of the OFAC alert on his credit report. He requested, among other things, that Trans Union delete this item of information from his file and take steps to ensure that it would not appear on his credit report in the future.

Trans Union responded to plaintiff's initial correspondence in a letter dated November 13, 2006. Trans Union asserted that it had no legal obligation to correct the OFAC alert on plaintiff's credit report.

On or about December 15, 2006, Mr. Kubbany sent a second letter to Trans Union about the OFAC alert.

Defendant Trans Union responded in a letter dated January 5, 2007. It denied any legal obligation to address the problem but stated that it had taken some

1  steps to address plaintiff's concerns by making modifications to a software
2  program.
3      On or about September 19, 2006, plaintiff Thomas Hassan Kubbany also
4  contacted defendant LandSafe Credit through counsel.  He requested, among other
5  things, that LandSafe Credit delete the OFAC alert from his file and take steps to
6  ensure that it would not appear on his credit report in the future.
7      LandSafe Credit responded to plaintiff's initial correspondence in a letter
8  dated October 27, 2006.  Among other things, LandSafe Credit denied
9  responsibility for determining whether an OFAC warning or red flag on a credit
10 report is appropriate and stated that it complied with its obligations as a reseller to
11 accurately report/resell the information obtained from the credit reporting agencies.
12 The letter further provided that LandSafe Credit understood that plaintiff had
13 requested action directly from Trans Union and believed that Trans Union would
14 contact plaintiff directly to address the matter further.
15     On December 15, 2006, Mr. Kubbany sent a second letter to LandSafe
16 Credit regarding the OFAC alert.  LandSafe Credit did not respond to plaintiff's
17 second letter.
18     3.    <u>Legal Issues</u>:
19 <u>Plaintiffs contend</u>:
20     Defendants Trans Union and LandSafe Credit willfully and negligently
21 failed to follow reasonable procedures to assure maximum possible accuracy of the
22 information in plaintiff Thomas Hassan Kubbany's credit report, information and
23 file in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code, § 1785.14(b)
24     Defendant Trans Union willfully failed to comply with the requirements of
25 the FCRA, 15 U.S.C. § 1681i, after receiving the notice of the disputed information
26 in the credit report of plaintiff Thomas Hassan Kubbany.
27     Defendants Trans Union and LandSafe Credit willfully and negligently
28 failed to comply with the requirements of the Cal. Civil Code § 1785.16 after

1  receiving the notice of the disputed information in the credit report of plaintiff
2  Thomas Hassan Kubbany.
3      Defendant Central Pacific Mortgage Company willfully and negligently
4  failed to comply with the notice requirements of 15 U.S.C. § 1681m after taking
5  adverse action against plaintiffs based on information in the plaintiff Thomas
6  Hassan Kubbany's credit report.
7      Defendant Central Pacific Mortgage Company used data regarding plaintiffs
8  received from one or more credit reporting agencies in a manner contrary to its
9  agreements with those credit reporting agencies, in violation of Cal. Civ. Code
10 § 1785.19.
11     Plaintiffs are entitled to compensatory damages, civil penalties, punitive
12 damages, reasonable attorneys' fees and costs of suit.
13     <u>Defendant Trans Union LLC contends</u>:
14     Trans Union complied at all times with the Fair Credit Reporting Act, the
15 California Consumer Credit Reporting Agencies Act, and all other applicable
16 federal and state laws with respect to plaintiff's credit information.  Additionally, if
17 plaintiffs suffered any damage, it was not proximately caused by any act or
18 omission by Trans Union.
19     <u>Defendant LandSafe Credit, Inc. contends</u>:
20     LandSafe Credit disputes all principal legal issues.  Specifically, LandSafe
21 Credit, as a reseller, disputes the extent of its duties and obligations under the Fair
22 Credit Reporting Act, 15 U.S.C. section 1681 et seq., and the California Consumer
23 Credit Reporting Agencies Act, Cal. Civ. Code section 1785.1 *et seq.*  LandSafe
24 Credit denies that it willfully and negligently failed to follow reasonable
25 procedures to assure maximum possible accuracy of the information contained in
26 the credit report relating to plaintiff Thomas Hassan Kubbany in violation of 15
27 U.S.C. section 1681e(b) and Cal. Civ. Code section 1785.14(b).  LandSafe Credit
28 further denies that it willfully and negligently failed to comply with the

1  requirements set forth in Cal. Civ. Code section 1785.16.  LandSafe Credit further
2  denies that plaintiffs have suffered any injury or damages, and thus, denies that
3  plaintiffs are entitled to recovery of any damages, penalties, punitive damages, or
4  attorneys' fees and costs of suit from LandSafe Credit.

5        4.    <u>Motions</u>:

6  No motions have been filed.  Defendants Trans Union and LandSafe Credit
7  anticipate that they may bring summary judgment motions pending further review
8  of the case.

9        5.    <u>Amendment of the Pleadings</u>:  No amendments of the pleadings are
10 anticipated at this time.

11       6.    <u>Preservation of Evidence</u>: All parties have taken steps to preserve
12 relevant evidence in their possession or control.

13 Plaintiffs have specifically requested that defendants take steps to preserve
14 documents and other evidence relating to any software program(s), tools or
15 methodologies used to generate plaintiff Thomas Hassan Kubbany's credit report,
16 including all records pertaining to any alterations made to such program(s)
17 following defendants' receipt of correspondence regarding the inaccurate OFAC
18 alert included in the credit report.  Plaintiffs have also requested that defendants
19 take steps to preserve documents and other evidence relating to any
20 communications or contacts between any of the defendants and the Office of
21 Foreign Assets Control ("OFAC") regarding the use of OFAC's watch list of
22 "specially designated nationals."

23       7.    <u>Initial Disclosures</u>:

24 The parties held their Rule 26(f) conference on March 21, 2008.  Pursuant to
25 Fed. R. Civ. Proc. 26(a)(1)(D), initial disclosures were presumptively due 14 days
26 later, on April 4, 2008.  During the conference, the parties agreed to extend the
27 time for disclosures to one week before the initial case management conference.
28

1     Plaintiffs intend to make their initial disclosures on April 22, 2008, one
2 week before the initial case management conference scheduled for April 29, 2008,
3 as previously agreed.
4     Defendant LandSafe Credit, Inc. and Trans Union LLC have requested
5 additional time to make their initial disclosures. Plaintiffs do not object to a one-
6 week extension to April 29, 2008.
7     8.    <u>Discovery</u>: No discovery has been taken to date.
8     The parties do not propose any changes to the limitations set forth in the
9 Federal Rules of Civil Procedure at this time. Defendants reserve the right to
10 request and, if necessary, move the court for, a protective order, depending on the
11 scope of any discovery demands plaintiffs serve.
12     9.    <u>Class Actions</u>: This is not a class action.
13     10.    <u>Related Cases</u>: The parties do not know of any related cases or
14 proceedings.
15     11.    <u>Relief</u>: Plaintiffs seek compensatory damages arising from loss of
16 credit and loan opportunities, excessive and/or elevated interest rates and finance
17 charges, pain and suffering, and emotional distress, in an amount according to
18 proof; civil penalties authorized by the Fair Credit Reporting Act, 15 U.S.C. §§
19 1681 et seq., and the California Consumer Credit Reporting Agency Act, Cal. Civil
20 Code §§ 1785.1 et seq.; punitive damages for willful violations of the Fair Credit
21 Reporting Act, 15 U.S.C. §§ 1681 et seq., and the California Consumer Credit
22 Reporting Agency Act, Cal. Civil Code §§ 1785.1 et seq.; reasonable attorneys'
23 fees; and costs of suit.
24     Defendants oppose any relief for plaintiffs and seek judgment in their favor.
25     12.    <u>Settlement and ADR</u>: The parties have complied with ADR Local
26 Rule 3-5 by filing a stipulation to participate in mediation. Pursuant to the parties'
27 stipulation, the Court has referred this case to mediation, to be completed by
28 November 15, 2008.

1    The parties anticipate that they will be in a better position to assess the
2 prospects for settlement after they have reviewed the initial disclosures and
3 conducted initial fact discovery.
4    13.    Magistrate Judge:  The parties have not agreed to have this case heard
5 by a magistrate judge.
6    14.    Other References:  The parties do not believe this case is suitable for
7 reference to binding arbitration, a special master or the Judicial Panel on
8 Multidistrict Litigation.
9    15.    Narrowing of Issues:  The defendants are still reviewing the
10 background facts of the case, and the parties have not yet completed the exchange
11 and review of initial disclosures.  The parties therefore have not reached any
12 agreement concerning the narrowing of issues or bifurcation of issues, claims or
13 defenses.  We will continue to meet and confer regarding these matters as
14 discovery proceeds.
15    16.    Expedited Schedule:  The parties do not believe this case can be
16 handled on an expedited basis or with streamlined procedures.
17    17.    Scheduling: The parties propose the following schedule:
18        Fact Discovery Cutoff: January 2, 2009
19        Deadline for Designation of Experts: January 31, 2009
20        Deadline for Designation of Rebuttal Experts: March 2, 2009
21        Deadline to Have Dispositive Motions Heard: April 30, 2009
22        Trial: July 27, 2009
23    18.    Trial:  Jury trial.  The parties estimate trial will require 5-8 court days.
24    19.    Disclosure of Non-party Interested Entities or Persons:  Plaintiffs and
25 defendants Trans Union LLC and LandSafe Credit, Inc. have filed the certification
26 required by Civil Local Rule 3-16.  The following non-party interested entities
27 have been identified:
28        Trans Union Corp. (parent of defendant Trans Union LLC)

1 | Landsafe, Inc. (parent of defendant LandSafe Credit, Inc.)
2 | Countrywide Financial Corporation (parent of Landsafe, Inc.)
3 | 20.  <u>Further Issues</u>:  No further issues at this time.

Respectfully submitted,

Dated: April 21, 2008

LAW OFFICES OF AMITAI SCHWARTZ
Amitai Schwartz
Lisa Sitkin

    /s/
Amitai Schwartz
Attorneys for Plaintiffs

Dated: April 21, 2008

MUSICK, PEELER & GARRETT LLP
Donald E. Bradley

    /s/
Donald E. Bradley
Attorneys for Defendant Trans Union LLC

Dated: April 21, 2008

BRYAN CAVE LLP
Jennifer A. Jackson
Amy Gantvoort

    /s/
Jennifer A. Jackson
Attorneys for Defendant LandSafe Credit, Inc.