**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com
Adam L. Johnson (State Bar No. 167067)
  a.johnson@mpglaw.com

Attorneys for Trans Union LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HASSAN KUBBANY and NANCY KUBBANY,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANS UNION LLC, a Delaware Corporation, LANDSAFE CREDIT INC., a California Corporation, CENTRAL PACIFIC MORTGAGE COMPANY dba NORTH COAST MORTGAGE, a California Corporation, and DOES I through XX,<br><br>Defendants. | Case No. 4:08-cv-00320-WDB<br><br>[Assigned to The Hon. Wayne D. Brazil]<br><br>Complaint Filed: January 17, 2008<br><br>**RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC; DECLARATION OF DONALD E. BRADLEY** |

  Plaintiffs' Motion to Enlarge the Time to File their Motion for Attorney's Fees is misleading. Plaintiffs mischaracterize the communications between Plaintiffs' and Trans Union's counsel.

  Trans Union's counsel was willing to agree to a reasonable extension of time for Plaintiffs to file their motion. However, Plaintiffs' counsel initially requested an open-ended extension which would run through the completion of Plaintiffs' case against all Defendants, to which Trans Union would not agree. Plaintiffs' counsel then proposed a 90-day extension, to which Trans Union would

also not agree, because Plaintiffs had not shown any good cause other than "fourteen days is a bit short and the Court rule seems to encourage extensions."

Trans Union's counsel was willing to agree to extend the 14-day deadline to 30 days, and remained willing to discuss the issue in the event Plaintiffs' counsel could show good cause for an extension beyond 30 days. Rather than discuss the matter further, Plaintiffs' counsel simply filed the instant motion, quipping: "No. I will file the motion. I do have a long memory though."

The email communications, all of which took place on September 3 and 4, 2008[1] proceeded as follows (See Bradley Declaration):

1.  **(From Plaintiffs' counsel Amitai Schwartz to Trans Union counsel Donald Bradley.)**

>   Don. As you know Plaintiffs accepted TUC's Rule 68 offer. Inasmuch as the offer did not include fees and costs we intend to seek costs and fees following entry of judgment. Rule 54(b)(2)(B) ordinarily requires that a motion for fees be filed within fourteen days of entry of judgment. However, local Rule 54-6(a) permits a stipulation or motion to extend the time, in part to permit time to meet and confer as required by Rule 54-6(b)(1).
>
>   Would TUC agree to stipulate to extend the time for the filing of a motion for attorney's fees and a bill of costs, <u>until thirty days after the claims against Landsafe are finally resolved</u> in the District Court?
>
>   I think this would be the most efficient way to proceed because all parties would then know where Landsafe stands in all this and what its joint or several liability for fees and costs may be, if any. An extension will also give us time to meet and confer regarding the amount of the claims.

---

[1] Trans Union's counsel was out of state on September 3.

604438.1

2

RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

If this is acceptable, I will prepare the necessary stipulation for your review. If you have an alternate proposal, please let me know.

I look forward to hearing from you.

2. **(From Trans Union counsel Bradley to Plaintiffs' counsel Schwartz.)**

<u>Do you mean an agreement to extend the deadline potentially until after a trial, if Landsafe's claims go to trial?</u>

3. **(Schwartz to Bradley.)**

<u>Yes</u>. Since I have no idea how the case against Landsafe will end, except that it will end, I'd like to extend the time until the case against Landsafe is over, by judgment, dismissal, or settlement, if that is acceptable to TUC.

If you have an alternate proposal let me know. Thanks.

4. **(Schwartz to Bradley.)**

Don. Will I be hearing from you today on this? Our phones are temporarily out, but email is working. Thanks.

5. **(Bradley to Schwartz.)**

Yes, I am back in town now and have discussed your request with Trans Union. We are not willing to stipulate to continue the deadline on the fee motion. Please feel free to call or email if you would like to discuss the matter further. Don.

6. **(Schwartz to Bradley.)**

What is the problem? 14 days is a bit short and the Court rule seems to encourage extensions.

7. **(Bradley to Schwartz.)**

<u>I don't have any problem with an extension of a week or two</u>, assuming you would agree to a reciprocal extension on the opposition. <u>The problem was that you wanted an open-ended extension</u> that would run

604438.1
3
RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

to the end of the case against Landsafe, <u>which could be months (or years).</u>

If you have a proposal for a reasonable briefing schedule, I will of course consider it. Let me know. Don.

**8.   (Schwartz to Bradley.)**

How about 90 days from August 29 to file the motion? You tell me how much time you want to respond. By Court rule it is two weeks, but I would agree to extend that time.

I have a long vacation coming up at the end of September through late October and would want to make sure my reply is not due during that time. Beside things may be wrapped up with Landsafe by then.

Seems to me it would be to TUC's advantage to wait because I would likely seek all costs and all fees against TUC on a joint liability basis. If things are wrapped up with Landsafe there is a chance that some of these fees and costs would be borne by them.

Please let me know whether the 90 days works. If not, make a counter-proposal. Thanks. Amitai

**9.   (Bradley to Schwartz.)**

<u>I am sorry, but that is too long. Trans Union will agree to extend the deadline to 30 days from entry of judgment. Please let me know if you would like to discuss it further.</u> Don

**10.   (Schwartz to Bradley.)**

<u>No. I will file the motion. I do have a long memory though.</u>

(Emphasis added.)

First, Plaintiffs fail to show any good cause for why they need 90 days, or why they waited until September 3rd (having accepted Trans Union's Rule 68 offer on August 29) to raise the issue. Moreover, the delay Plaintiffs seek would prejudice Trans Union. Plaintiffs appear to be under the impression that they would be entitled to recover the entirety of their incurred attorneys' fees against Trans

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

604438.1                                              4
RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC

1  Union alone, despite the fact that a portion (potentially the majority, to be
2  determined by the Court) of those fees would, as a matter of law, be attributed to
3  Plaintiffs' case against Landsafe.  Trans Union knows of no authority providing for
4  joint and several liability for an FCRA plaintiff's attorney fees.  Delaying resolution
5  of the fee motion would obfuscate the issue and make it more difficult to determine
6  what portion of Plaintiffs' attorney's fees are actually attributable to Plaintiffs'
7  litigation with Trans Union.
8       Accordingly, Trans Union does not oppose a reasonable extension of
9  the deadline to file Plaintiffs' motion for attorneys' fees, but believes that 90 days is
10 excessive and unnecessary and has not been supported by Plaintiffs in any event.
11 This case was settled at an early stage and Trans Union is entitled to have the fee
12 issue resolved quickly as well.
13 DATED: September 5, 2008          MUSICK, PEELER & GARRETT LLP
14
15                                   By: /s/_____
16                                       Donald E. Bradley
                                         Attorneys for Trans Union LLC

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

604438.1

5

RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC

## DECLARATION OF DONALD E. BRADLEY

I, Donald E. Bradley, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner with MUSICK, PEELER & GARRETT LLP, attorneys of record for Defendant Trans Union LLC. I have personal knowledge of the facts stated in this declaration and if sworn as a witness, I could and would competently testify thereto.

2. Attached hereto are complete and accurate copies of emails exchanged between me and Plaintiffs' counsel Amitai Schwartz on September 3 and 4, 2008.

3. I was out of the office in Indianapolis, Indiana from the afternoon of September 2 through the end of the day on September 3, 2008.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct. Dated this 5th day of September 2008, at Costa Mesa, California.

/s/
Donald E. Bradley, Esq.

# EXHIBIT A

**Bradley, Donald**
___

| | |
|---|---|
| **From:** | Amitai Schwartz [amitai@schwartzlaw.com] |
| **Sent:** | Thursday, September 04, 2008 6:35 PM |
| **To:** | Bradley, Donald |
| **Subject:** | RE: Kubbany/TUC |

No. I will file the motion. I do have a long memory though.

At 04:04 PM 9/4/2008, you wrote:
>I'm sorry, but that's too long. Trans Union will agree to extend the
>deadline to 30 days from entry of judgment. Please let me know if
>you'd like to discuss it further. Don
>
>-----Original Message-----
>From: Amitai Schwartz [mailto:amitai@schwartzlaw.com]
>Sent: Thursday, September 04, 2008 11:47 AM
>To: Bradley, Donald
>Subject: RE: Kubbany/TUC
>
>
>How about 90 days from August 29 to file the motion? You tell me how
>much time you want to respond. By court rule it is two weeks, but I
>would agree to extend that time.
>
>I have a long vacation coming up at the end of September through late
>October and would want to make sure my reply is not due during
>that time. Beside things may be wrapped up with Landsafe by then.
>
>Seems to me it would be to TUC's advantage to wait because I would
>likely seek all costs and all fees against TUC on a joint liability
>basis. If things are wrapped up with Landsafe there is chance that
>some of these fees and costs would be borne by them.
>
>Please let me know whether the 90 days works. If not, make a counter
>proposal.
>
>Thanks.
>
>Amitai
>
>       At 11:37 AM 9/4/2008, you wrote:
> >I don't have any problem with an extension of a week or two, assuming
> >you would agree to a reciprocal extension on the opposition. The
> >problem was that you wanted an open-ended extension that would run to
> >the end of the case against Landsafe, which could be months (or
> >years).
>
> >If you have a proposal for a reasonable briefing schedule, I will of
> >course consider it. Let me know. Don
> >
> >-----Original Message-----
> >From: Amitai Schwartz [mailto:amitai@schwartzlaw.com]
> >Sent: Thursday, September 04, 2008 11:32 AM
> >To: Bradley, Donald
> >Subject: RE: Kubbany/TUC
> >
> >
> >what's the problem? 14 days is a bit short and the court rule seems
> >to
>
> >encourage extensions.
> >
> >At 11:27 AM 9/4/2008, you wrote:

1

```
> > >Yes, I am back in town now and have discussed your request with
> > >Trans
>
> > >Union.  We are not willing to stipulate to continue the deadline on
> > >the
> >
> > >fee motion.  Please feel free to call or email if you would like to
> > >discuss the matter further.  Don
> > >
> > >-----Original Message-----
> > >From: Amitai Schwartz [mailto:amitai@schwartzlaw.com]
> > >Sent: Thursday, September 04, 2008 11:24 AM
> > >To: Bradley, Donald
> > >Subject: RE: Kubbany/TUC
> > >
> > >
> > >Don.  Will I be hearing from you today on this?  Our phones are
> > >temporarily out, but email is working.  Thanks.
> > >
> > >Amitai
> > >
> > >At 11:43 AM 9/3/2008, you wrote:
> > > >Do you mean an agreement to extend the deadline potentially until
> > > >after
> > > >
> > > >a trial, if Landsafe's claims go to trial?
> > > >
> > > >-----Original Message-----
> > > >From: Amitai Schwartz [mailto:amitai@schwartzlaw.com]
> > > >Sent: Wednesday, September 03, 2008 11:03 AM
> > > >To: Bradley, Donald
> > > >Cc: Johnson, Adam
> > > >Subject: Kubbany/TUC
> > > >
> > > >
> > > >Don.  As you know plaintiffs accepted TUC's Rule 68 offer.
> > > >Inasmuch as
> > > >
> > > >the offer did not include fees and costs, we intend to seek costs
> > > >and fees following entry of judgment.  Rule 54(d)(2)(B) ordinarily
> > > >requires that a motion for fees be filed within 14 days of entry of
> > > >judgment.  However, local rule 54-6(a) permits a stipulation or
> > > >motion to extend the time, in part to permit time to meet and
> > > >confer as
> > > >
> > > >required by Rule 54-6(b)(1).
> > > >
> > > >Would TUC agree to stipulate to extend the time for the filing of
> > > >a
>
> > > >motion for attorneys' fees and a bill of costs, until 30 days
> > > >after
>
> > > >the
> > >
> > > >claims against Landsafe are finally resolved in the district
> > > >court?
> > > >
> > > >   I think this would be the most efficient way to proceed
> > > >because all parties would then know where LandSafe stands in all
> > > >this and what its joint or several liability for fees and costs
> > > >may be, if any.  An extension will also give us time to meet and
> > > >confer regarding the amount of the claims.
> > > >
> > > >If this is acceptable, I will prepare the necessary stipulation
> > > >for
>
                                     2
```

```
> > > >your review.  If you have an alternate proposal, please let me
> > > >know.
> > > >
> > > >I look forward to hearing from you.
> > > >
> > > >Amitai Schwartz
> > > >Law Offices of Amitai Schwartz
> > > >Watergate Towers
> > > >2000 Powell Street, Ste. 1286
> > > >Emeryville, CA  94608
> > > >
> > > >(510) 597-1775, ext. 102 (voice)
> > > >(510) 597-0957 (fax)
> > > >
> > > >
> > > >
> > > >The information contained in this communication is protected by
> > > >the
>
> > > >attorney-client and/or the attorney/work product privilege. It is
> > > >intended only for the use of the addressee, and the privileges
> > > >are not waived by virtue of this having been sent by e-mail . If
> > > >the person actually receiving this communication or any other
> > > >reader of
>
> > > >the communication is not the named recipient, or the employee or
> > > >agent responsible to deliver it to the recipient, any use,
> > > >dissemination, distribution or copying of this communication is
> > > >strictly prohibited. If you have received this communication in
> > > >error, please immediately notify us by return e-mail or by e-mail
> > > >to mailto:postmaster@mpglaw.com, and destroy this communication
> > > >and
>
> > > >all copies thereof, including all attachments.
> > >
> > >
> > >
> > >The information contained in this communication is protected by the
> > >attorney-client and/or the attorney/work product privilege. It is
> > >intended only for the use of the addressee, and the privileges are
> > >not waived by virtue of this having been sent by e-mail . If the
> > >person actually receiving this communication or any other reader of
> > >the communication is not the named recipient, or the employee or
> > >agent responsible to deliver it to the recipient, any use,
> > >dissemination, distribution or copying of this communication is
> > >strictly prohibited. If you have received this communication in
> > >error, please immediately notify us by return e-mail or by e-mail
> > >to mailto:postmaster@mpglaw.com, and destroy this communication and
> > >all copies thereof, including all attachments.
> >
> >
> >
> >The information contained in this communication is protected by the
> >attorney-client and/or the attorney/work product privilege. It is
> >intended only for the use of the addressee, and the privileges are
> >not waived by virtue of this having been sent by e-mail . If the
> >person actually receiving this communication or any other reader of
> >the communication is not the named recipient, or the employee or
> >agent responsible to deliver it to the recipient, any use,
> >dissemination, distribution or copying of this communication is
> >strictly prohibited. If you have received this communication in
> >error, please immediately notify us by return e-mail or by e-mail to
> >mailto:postmaster@mpglaw.com, and destroy this communication and all
> >copies thereof, including all attachments.
>
>
>
```

```
>The information contained in this communication is protected by the
>attorney-client and/or the attorney/work product privilege. It is
>intended only for the use of the addressee, and the privileges are
>not waived by virtue of this having been sent by e-mail . If the
>person actually receiving this communication or any other reader of
>the communication is not the named recipient, or the employee or
>agent responsible to deliver it to the recipient, any use,
>dissemination, distribution or copying of this communication is
>strictly prohibited. If you have received this communication in
>error, please immediately notify us by return e-mail or by e-mail to
>mailto:postmaster@mpglaw.com, and destroy this communication and all
>copies thereof, including all attachments.
```

**Bradley, Donald**

| | |
|---|---|
| From: | Amitai Schwartz [amitai@schwartzlaw.com] |
| Sent: | Wednesday, September 03, 2008 11:49 AM |
| To: | Bradley, Donald |
| Subject: | RE: Kubbany/TUC |

Yes.  Since I have no idea how the case against LandSafe will end, except that it will end, I'd like to extend the time until the case against LandSafe is over, by judgment, dismissal, or settlement, if that is acceptable to TUC.

If you have an alternate proposal let me know.

Thanks.

Amitai

At 11:43 AM 9/3/2008, you wrote:
>Do you mean an agreement to extend the deadline potentially until after
>a trial, if Landsafe's claims go to trial?
>
>-----Original Message-----
>From: Amitai Schwartz [mailto:amitai@schwartzlaw.com]
>Sent: Wednesday, September 03, 2008 11:03 AM
>To: Bradley, Donald
>Cc: Johnson, Adam
>Subject: Kubbany/TUC
>
>
>Don.  As you know plaintiffs accepted TUC's Rule 68 offer.  Inasmuch as
>the offer did not include fees and costs, we intend to seek costs
>and fees following entry of judgment.  Rule 54(d)(2)(B) ordinarily
>requires that a motion for fees be filed within 14 days of entry of
>judgment.  However, local rule 54-6(a) permits a stipulation or
>motion to extend the time, in part to permit time to meet and confer as
>required by Rule 54-6(b)(1).
>
>Would TUC agree to stipulate to extend the time for the filing of a
>motion for attorneys' fees and a bill of costs, until 30 days after the
>claims against Landsafe are finally resolved in the district court?
>
>  I think this would be the most efficient way to proceed because all
>parties would then know where LandSafe stands in all this and what its
>joint or several liability for fees and costs may be, if any.  An
>extension will also give us time to meet and confer regarding the
>amount of the claims.
>
>If this is acceptable, I will prepare the necessary stipulation for
>your review.  If you have an alternate proposal, please let me know.
>
>I look forward to hearing from you.
>
>Amitai Schwartz
>Law Offices of Amitai Schwartz
>Watergate Towers
>2000 Powell Street, Ste. 1286
>Emeryville, CA  94608
>
>(510) 597-1775, ext. 102 (voice)
>(510) 597-0957 (fax)
>
>
>

1

>The information contained in this communication is protected by the
>attorney-client and/or the attorney/work product privilege. It is
>intended only for the use of the addressee, and the privileges are
>not waived by virtue of this having been sent by e-mail . If the
>person actually receiving this communication or any other reader of
>the communication is not the named recipient, or the employee or
>agent responsible to deliver it to the recipient, any use,
>dissemination, distribution or copying of this communication is
>strictly prohibited. If you have received this communication in
>error, please immediately notify us by return e-mail or by e-mail to
>mailto:postmaster@mpglaw.com, and destroy this communication and all
>copies thereof, including all attachments.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On September 5, 2008, I served the foregoing document(s) described as **RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC** on the interested parties in this action as follows:

**See Attached List**

☐ **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. I caused the machine to print a transmission record of the transmission. No errors were reported.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐ **BY EMAIL.** I emailed such documents to the addressees at their email addresses on the attached list.

Executed on September 5, 2008, at Costa Mesa, California.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Joan Marie Donoghue*
Joan Marie Donoghue

---

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

604438.1
7
RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC

## SERVICE LIST

| | |
|---|---|
| Moira Feeney<br>Amitai Schwartz<br>Law Offices of Amitai Schwartz<br>2000 Powell St., Ste. 1286<br>Emeryville, CA 94608<br>Phone: 510-597-1775<br>Fax: 510-597-0957<br>amitai@schwartzlaw.com | Amy M. Gantvoort<br>Robert E. Boone, III<br>Jennifer A. Jackson<br>Bryan Cave LLP<br>120 Broadway, Ste. 300<br>Santa Monica, CA 90401<br>Phone: 310-576-2100<br>Fax: 310-576-2200<br>Amy.gantvoort@bryancave.com<br>reboone@byrancave.com<br>jjackson@bryancave.com |

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

604438.1

8

RESPONSE OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEYS FEES AND EXPENSES AND FILE BILL OF COST AGAINST DEFENDANT TRANS UNION LLC